IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE CONSTITUTION PARTY OF NEW MEXICO,

      Plaintiff,

vs.                                                                    Civ. No. 12-325 KG/WPL

DIANNA J. DURAN, in her official
capacity as New Mexico Secretary of
State,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court upon the New Mexico Attorney General's Motion to Intervene (Motion to Intervene), filed September 10, 2014.  (Doc. 69).  The New Mexico Attorney General (AG) formerly represented Defendant in this case.  Plaintiff responded to the Motion to Intervene on September 25, 2014, and the AG replied on October 2, 2014.  (Docs. 70 and 71).  Defendant does not oppose the Motion to Intervene.  (Doc. 69) at 1.  Having reviewed the Motion to Intervene and the accompanying briefs, the Court denies the Motion to Intervene.

*A.  Background*

On December 9, 2013, the Court entered a Declaratory Judgment and Final Summary Judgment in Favor of Plaintiff on Plaintiff's 42 U.S.C. § 1983 claims.  (Doc. 51).  Under 42 U.S.C. § 1988(b), the Court may allow Plaintiff, as the prevailing party in this Section 1983 lawsuit, to recover reasonable attorneys' fees and costs.  In fact, in January 2014, the parties entered into a Stipulation Regarding Attorneys' Fees in which Defendant agreed to pay Plaintiff, as the prevailing party, a total of $38,733.65 in attorneys' fees, costs, and expenses.  (Doc. 60-1) at 18-19.  This agreement, however, was "[s]ubject to the appropriation of funds by the

Legislature," and Defendant further agreed "to make good-faith and reasonable efforts to urge that the Legislature appropriates funds for this settlement in the current Legislative session." *Id.* at 19.  If the Legislature failed to appropriate funds for the settlement, the parties agreed that Plaintiff would maintain its right to seek reasonable attorneys' fees and costs.[1]  *Id.*

The Legislature subsequently enacted the General Appropriation Act of 2014 (Act) which states that "[t]he appropriations to the legal services program of the attorney general include sufficient funds to pay settlement charges awarded to plaintiffs in litigation against the secretary of state."  (Doc. 60-1) at 29.  The Act, however, does not indicate the amount of that appropriation or if the Legislature specifically intended that the appropriation fund the Stipulation Regarding Attorneys' Fees.

Despite requests from Plaintiff for payment of the settlement amount, Defendant refuses to pay Plaintiff because she believes that the Act establishes that the AG must pay Plaintiff.  The AG, on the other hand, claims that the appropriation language in the Act is really an "illusory 'appropriation'" and that the Defendant is, therefore, responsible for paying the settlement amount.  (Doc. 69) at 6.  Because of this impasse, Plaintiff filed Plaintiff's Motion for Attorneys' Fees and Costs.  The Court subsequently allowed the AG to withdraw as Defendant's counsel based on the conflict of interest regarding the payment of the settlement amount.[2]  (Doc. 65). The AG now moves to intervene as a matter of right under "Fed. R. Civ. P. 24(a)(2) for the limited purpose of defending the interests of the Attorney General in the determination and

_____

[1] The language in the Stipulation Regarding Attorneys' Fees does not specifically refer to Plaintiff's right to recover reasonable costs if the Legislature failed to make an appropriation for the settlement amount.  Nonetheless, considering the Stipulation Regarding Attorneys' Fees as a whole, the Court assumes that Plaintiff would have a right to recover reasonable costs as well.

[2] Counsel, other than the AG, submitted Defendant's response to Plaintiff's Motion for Attorneys' Fees and Costs.  *See* (Doc. 66).

payment of attorneys' fees and costs in this litigation."  (Doc. 69) at 1.  Plaintiff opposes the

Motion to Intervene.

*B.  Discussion*

      Rule 24(a)(2) states that upon a timely motion the Court must allow anyone to intervene

if that person or entity

> claims an interest relating to the property or transaction that is the subject of the action
> and is so situated that disposing of the action may as a practical matter impair or impede
> the movant's ability to protect its interest, unless existing parties adequately represent
> that interest.

The prospective intervenor has the burden of establishing the right to intervene.  *See, e.g., S2*

*Automation LLC v. Micron Technology, Inc.*, 2012 WL 3656462 *11 (D.N.M.).  In determining

if the prospective intervenor has carried that burden, the Court keeps in mind that the Tenth

Circuit "follows a somewhat liberal line in allowing intervention."  *WildEarth Guardians v.*

*United States Forest Service*, 573 F.3d 992, 995 (10th Cir. 2009) (quoting *Utah Ass'n of*

*Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001) (internal quotation marks omitted)).

Because the chief concern in a motion to intervene is the practical effect of the action on the

prospective intervenor, the Court is required to examine the specific facts and circumstances of

the action.  *Id.*

      Rule 24(a)(2)'s requirement of an interest related to the subject of the action calls for

considering whether an interest is "direct, substantial, and legally protectable."  *Utah Ass'n of*

*Counties*, 255 F.3d at 1251 (internal quotation marks omitted) (quoting *In re Kaiser Steel Corp.*,

998 F.2d 783, 791 (10th Cir. 1993)).  The test for determining that requisite interest, however, "is

primarily a practical guide to disposing of lawsuits by involving as many apparently concerned

persons as is compatible with efficiency and due process."  *Id.* at 1251-52 (internal quotation

marks and citations omitted).  In fact, "[t]he threshold for finding the requisite legally protectable

interest is not high." *American Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 246 (D.N.M. 2008).  Nevertheless, a prospective intervenor must have a particularized interest which falls within the issues raised in the action, such as a threat of economic harm.  *Id.*; *WildEarth Guardians*, 573 F.3d at 996.

The AG argues that he will suffer an economic injury if he must pay the settlement amount from his Office's budget.  The AG also contends that because attorneys' fees awards are integral to the liability phase of Section 1983 litigation, his interest in the payment of attorneys' fees and costs necessarily relates to the subject of this action.

In Section 1983 cases, "liability on the merits and responsibility for fees go hand in hand" in order to ensure that liable defendants comply with civil rights laws.  *See Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted)); *Evans v. Jeff D.*, 475 U.S. 717, 731 (1986).  Consequently, a court order requiring a liable defendant to pay attorneys' fees and costs relates to the subject of a Section 1983 action.  However, in this case, because the AG is not a liable defendant, his interest in the payment of attorneys' fees and costs does not relate to the subject of this Section 1983 lawsuit. In determining reasonable fees and costs under Section 1988(b), the Court can only order the named defendant, the liable party, to pay attorneys' fees and costs.  *See T.Y. by Petty v. Bd. of County Comm'rs of County of Shawnee*, 912 F.Supp. 1416, 1422 (D. Kan. 1995) (prevailing parties under Section 1988(b) can only recover attorneys' fees from party against whom they prevailed).  Hence, even if the Court allowed the AG to intervene, the Court cannot order a non-liable party, like the AG, to pay reasonable attorneys' fees and costs under Section 1988(b). Since the Court cannot order the AG to pay attorneys' fees and costs, the AG does not have a direct or legally protectable interest in the Court's ruling on the Plaintiff's Motion for Attorneys'

4

Fees and Costs.  Finally, the AG does not cite any authority that when a court awards Section 1988(b) reasonable attorneys' fees and costs it must also determine the source of funding for the award of attorneys' fees and costs.  The AG has simply not convinced the Court that it has a "direct, substantial, and legally protectable" interest in the Court ruling on Plaintiff's Motion for Attorneys' Fees and Costs.  Having failed to meet the first requirement under Rule 24(a)(2), the AG is not entitled to intervene as a matter of right.

IT IS ORDERED that New Mexico Attorney General's Motion to Intervene (Doc. 69) is denied.

_____
UNITED STATES DISTRICT JUDGE