IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE CONSTITUTION PARTY OF NEW MEXICO,

    Plaintiff,

vs.                                                      Civ. No. 12-325 KG/WPL

DIANNA J. DURAN, in her official
capacity as New Mexico Secretary of
State,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Attorneys' Fees and Costs, and Plaintiff's Memorandum in Support of Motion for Attorneys' Fees and Costs, both filed on June 30, 2014. (Docs. 59 and 60). Defendant filed a response on August 18, 2014, and Plaintiff filed a reply on September 4, 2014. (Docs. 66 and 67). Having considered Plaintiff's Motion for Attorneys' Fees and Costs, the accompanying briefs, and Plaintiff's exhibits, the Court grants Plaintiff's Motion for Attorneys' Fees and Costs in the amount of $53,414.00.

*A. Background*

On December 9, 2013, the Court entered a Declaratory Judgment and Final Summary Judgment in Favor of Plaintiff on Plaintiff's 42 U.S.C. § 1983 claims. (Doc. 51). Under 42 U.S.C. § 1988(b), the Court may allow Plaintiff, as the prevailing party in this Section 1983 lawsuit, to recover reasonable attorneys' fees and costs. In fact, in January 2014, the parties entered into a Stipulation Regarding Attorneys' Fees in which Defendant agreed to pay Plaintiff, as the prevailing party, a total of $38,733.65 in attorneys' fees, costs, and expenses. (Doc. 60-1) at 18-19. The agreed upon amount of attorneys' fees, costs, and expenses reflected a discounted

amount to encourage Defendant to settle the attorneys' fees and costs issue and to avoid litigating that issue. *Id.* at 2. The agreement to settle attorneys' fees and costs, however, was "[s]ubject to the appropriation of funds by the Legislature," and Defendant further agreed "to make good-faith and reasonable efforts to urge that the Legislature appropriates funds for this settlement in the current Legislative session." *Id*. at 19. In addition, the parties agreed that "[i]n exchange for the payment contemplated by this agreement, Plaintiff and its attorneys" will "release and waive any claim for attorneys' fees, costs, and expenses arising out of or related to this litigation." *Id.* If the Legislature failed to appropriate funds for the settlement, the parties agreed that Plaintiff would maintain its right to seek reasonable attorneys' fees and costs.[1] *Id*.

The Legislature subsequently enacted the General Appropriation Act of 2014 (Act) which states that "[t]he appropriations to the legal services program of the attorney general include sufficient funds to pay settlement charges awarded to plaintiffs in litigation against the secretary of state." (Doc. 60-1) at 29. The Act, however, does not indicate the amount of that appropriation or if the Legislature specifically intended that the appropriation fund the Stipulation Regarding Attorneys' Fees.

Defendant now refuses to pay Plaintiff the settlement amount because she believes that the Act establishes that the AG must pay Plaintiff. The AG, on the other hand, claims that the appropriation language in the Act is really an "illusory 'appropriation'" and that the Defendant is, therefore, responsible for paying the settlement amount. (Doc. 69) at 6. During the discussions about who should pay the settlement amount, Plaintiff's attorney "repeatedly

---

[1] The language in the Stipulation Regarding Attorneys' Fees does not specifically refer to Plaintiff's right to recover reasonable costs if the Legislature failed to make an appropriation to fund the settlement amount. Nonetheless, considering the Stipulation Regarding Attorneys' Fees as a whole, the Court assumes that Plaintiff would have a right to recover reasonable costs as well.

mentioned" to Defendant's counsel that if Plaintiff was not paid the settlement amount, "the settlement was off and that Plaintiff would file a motion for the undiscounted amount of attorneys' fees and costs, including the fees involved with filing the memorandum and reply briefs in support of the motion" for attorneys' fees and costs. (Doc. 67) at 12. *See also* (Doc. 67) at 22. Defendant's counsel "understood this and agreed that this was the case both explicitly and implicitly throughout" his communications with Ms. Price. *Id.* Defendant's counsel also indicated that he would let new counsel know that this was the situation.[2] *Id.* at 12 and 24.

Because Defendant and the AG both refused to pay the settlement amount, Plaintiff filed Plaintiff's Motion for Attorneys' Fees and Costs. Plaintiff initially sought a total award of $52,268.39, but, in its reply, Plaintiff adjusted that amount to exclude attorneys' fees incurred in representing the Green Party ($4,891.87)[3] and to add attorneys' fees for researching and writing the reply in support of Plaintiff's Motion for Attorneys' Fees and Costs ($6,037.48)[4] for a new total of $53,414.00. *See* (Doc. 60) at 9; (Doc. 67) at 13-14.

Defendant does not contest that (1) Plaintiff is a prevailing party entitled to reasonable attorneys' fees and costs under Section 1988(b); (2) the hourly rates charged by Plaintiff's counsel are reasonable; (3) the amount of time spent representing Plaintiff is reasonable; and (4) the costs are reasonable. Defendant, however, argues that the Stipulation Regarding Attorneys' Fees should still control the award of attorneys' fees and costs. Additionally, Defendant argues

---

[2] On August 14, 2014, the Court allowed the AG to withdraw as Defendant's counsel based on the conflict of interest regarding the payment of the settlement amount. (Doc. 65). Counsel, other than the AG, submitted Defendant's response to Plaintiff's Motion for Attorneys' Fees and Costs. *See* (Doc. 66).

[3] Defendant had previously contested the charges for representation of the Green Party.

[4] Plaintiff misstated the attorney's fees amount for John W. Boyd as being $2,480 when those fees were, in fact, $2,212.23. *See* (Doc. 67) at 14 and 32.

that the AG should pay an award of attorneys' fees and costs because the Legislature made an appropriation to the AG's Office for that purpose.

B. Discussion

*1. Whether the Stipulation Regarding Attorneys' Fees Controls Plaintiff's Motion for Attorneys' Fees and Costs*

Defendant argues that she met her obligation in the Stipulation Regarding Attorneys' Fees which required her to make "good faith and reasonable efforts" to persuade the Legislature to appropriate funds for the settlement amount. There is no evidence that Defendant did not, in fact, make those efforts. Moreover, Defendant contends that, as contemplated in the Stipulation Regarding Attorneys' Fees, the Legislature enacted an appropriation to pay the settlement amount, albeit that appropriation was to the AG's Office.[5] Defendant, therefore, requests that the Court grant Plaintiff's Motion for Attorneys' Fees and Costs "in the manner agreed to previously…." (Doc. 66) at 10. The Court interprets this request to mean that Defendant believes that the award of attorneys' fees and costs should remain at $38,733.65.

Defendant's argument, however, fails to address several key facts. First, the Stipulation Regarding Attorneys' Fees clearly states that Plaintiff will "release and waive any claim for attorneys' fees, costs, and expenses" only "[i]n exchange for the payment" of $38,733.65. Because neither Defendant nor the AG has paid that amount to Plaintiff, Plaintiff has not released or waived its claim for attorneys' fees, costs, and expenses. Second, communications between the parties' attorneys make clear that since neither Defendant nor the AG paid Plaintiff $38,733.65, the Stipulation Regarding Attorneys' Fees is no longer in effect. Third, Plaintiff persuasively argues that Defendant did not fulfill her obligations under the Stipulation Regarding

---

[5] According to Defendant, the Legislature has made similar appropriations to the AG in the past. *See* (Doc. 66) at 5.

Attorneys' Fees because she did not pay the settlement amount, no matter the source of the funding. Because Defendant did not address these key facts, Defendant's argument that the Stipulation Regarding Attorneys' Fees and Costs should control Plaintiff's present request for an award of reasonable attorneys' fees and costs simply fails. In sum, Plaintiff was free to file Plaintiff's Motion for Attorneys' Fees and Costs to recover the full amount of reasonable attorneys' fees and costs.

*2. Whether the Court Can Order the AG to Pay Plaintiff's Attorneys' Fees and Costs*

Next, Defendant argues that the Act's language requires that the Court order the AG to pay Plaintiff's attorneys' fees and costs. Defendant maintains that under the New Mexico Constitution she cannot, as a member of the executive branch, interfere with the legislative branch's decision to designate the AG's Office as the source of the funding for at least the settlement amount. This argument fails for several reasons. First, Defendant, as the state official responsible for enforcing an unconstitutional statute, is liable for reasonable attorneys' fees and costs under Section 1988(b). *See, e.g., Council for Periodical Distributors Associations v. Evans*, 827 F.2d 1483, 1486-87 (11th Cir. 1987) ("a government official responsible for enforcing an unconstitutional statute is liable for attorney's fees, even where the official took no active steps to enforce the statute.") (citing *In re Kansas Congressional Districts Reapportionment Cases*, 745 F.2d 610, 612 (10th Cir. 1984)). Second, the Court cannot order the AG, a non-party who is not liable under Section 1983, to pay attorneys' fees and costs under Section 1988(b). *See, e.g., T.Y. by Petty v. Bd. of County Comm'rs of County of Shawnee*, 912 F.Supp. 1416, 1422 (D. Kan. 1995) (prevailing parties under Section 1988(b) can only recover attorneys' fees from party against whom they prevailed); *Becker v. Blum*, 487 F.Supp. 873, 874 (S.D. N.Y. 1980) ("court has no power to assess an award [of attorneys' fees] against non-

5

parties."). Third, the Supremacy Clause of the United States Constitution precludes New Mexico law from interfering with Plaintiff's right to recover from Defendant reasonable attorneys' fees and costs under Section 1988(b). *See, e.g., Wilson v. Jara,* 866 F. Supp. 2d 1270, 1303 (D.N.M. 2011), *aff'd,* 512 Fed. Appx. 841 (10th Cir. 2013) ("If states could limit the scope of recovery under § 1983, then § 1983 would no longer provide meaningful redress of violations.").

For the above reasons, the Court will award Plaintiff attorneys' fees and costs against Defendant. Furthermore, the Court further finds that Plaintiff's request for a total award of $53,414.00 is reasonable. How Defendant obtains the funds to pay Plaintiff the above award is of no concern to Plaintiff or to the Court.

IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 59) is granted in that Plaintiff is awarded reasonable attorneys' fees and costs in the amount of $53,414.00, which Defendant must pay to Plaintiff by December 1, 2014.

_____
UNITED STATES DISTRICT JUDGE