IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE CONSTITUTION PARTY OF
NEW MEXICO,

    Plaintiff,

vs.                                                                             Civ. No. 12-325 KG/WPL

DIANNA J. DURAN, in her official capacity
as New Mexico Secretary of State,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Verified Application for a Supplemental Award of Attorneys' Fees and Memorandum in Support (Verified Application), filed October 29, 2014. (Doc. 75). Defendant responded on November 12, 2014, and Plaintiff replied on December 1, 2014. (Docs. 76 and 77). Having reviewed the Verified Application, the accompanying briefs, and the supporting documentation, the Court denies the Verified Application.

*A. Background*

On December 9, 2013, the Court entered a Declaratory Judgment and Final Summary Judgment in Favor of Plaintiff on Plaintiff's 42 U.S.C. § 1983 claims. (Doc. 51). Under 42 U.S.C. § 1988(b), the Court may allow Plaintiff, as the prevailing party in this Section 1983 lawsuit, to recover reasonable attorneys' fees and costs. In fact, in January 2014, the parties entered into a Stipulation Regarding Attorneys' Fees in which Defendant agreed to pay Plaintiff, as the prevailing party, a total of $38,733.65 in attorneys' fees, costs, and expenses (the settlement amount). (Doc. 60-1) at 18-19. This agreement, however, was "[s]ubject to the

appropriation of funds by the Legislature," and Defendant further agreed "to make good-faith and reasonable efforts to urge that the Legislature appropriates funds for this settlement in the current Legislative session." *Id*. at 19.  If the Legislature failed to appropriate funds for the settlement, the parties agreed that Plaintiff would maintain its right to seek reasonable attorneys' fees and costs.[1]  *Id*.  The Attorney General (AG) represented Defendant in negotiating the Stipulation Regarding Attorneys' Fees.

The Legislature subsequently enacted the General Appropriation Act of 2014 (Act) which stated that "[t]he appropriations to the legal services program of the attorney general include sufficient funds to pay settlement charges awarded to plaintiffs in litigation against the secretary of state." (Doc. 60-1) at 29.  The Act, however, did not indicate the amount of that appropriation or if the Legislature specifically intended that the appropriation fund the Stipulation Regarding Attorneys' Fees.

Despite requests from Plaintiff for payment of the settlement amount, Defendant refused to pay Plaintiff because she believed that the Act established that the AG must pay Plaintiff.  The AG, on the other hand, claimed that the appropriation language in the Act was really an "illusory 'appropriation'" and that the Defendant was, therefore, responsible for paying the settlement amount. (Doc. 69) at 6.  Because of this impasse, Plaintiff filed Plaintiff's Motion for Attorneys' Fees and Costs. (Doc. 59).

---

[1] Although the language in the Stipulation Regarding Attorneys' Fees did not specifically refer to Plaintiff's right to recover reasonable costs if the Legislature failed to make an appropriation for the settlement amount, considering the Stipulation Regarding Attorneys' Fees as a whole, the Court assumed that Plaintiff would have a right to recover reasonable costs as well.

The Court subsequently allowed the AG to withdraw as Defendant's counsel based on the conflict of interest regarding the payment of the settlement amount.[2] (Doc. 65). The AG then moved to intervene as a matter of right under "Fed. R. Civ. P. 24(a)(2) for the limited purpose of defending the interests of the Attorney General in the determination and payment of attorneys' fees and costs in this litigation." (Doc. 69) at 1. Defendant neither requested the AG move to intervene nor did she oppose the filing of the motion to intervene.

On October 27, 2014, the Court (1) denied the AG's motion to intervene, and (2) granted Plaintiff's Motion for Attorney's Fees and Costs, and (3) ordered Defendant to pay Plaintiff reasonable attorneys' fees and costs in the amount of $53,414.00, by December 1, 2014. (Docs. 73 and 74). Plaintiff now moves in its Verified Application for an award of supplemental attorneys' fees to compensate Plaintiff for the time spent in opposing the AG's motion to intervene.[3] Plaintiff contends that Defendant should pay those fees because she provoked the AG into filing the motion to intervene. Defendant opposes the Verified Application in its entirety because (1) she is not required to pay attorney's fees which the prevailing party incurred by opposing a third-party's attempt to intervene; and (2) the claimed attorney's fees are unreasonable.

B. *Discussion*

As the federal district court in Colorado correctly observed in 2009, "[t]here is conflicting caselaw on the issue of whether [a fee] award should include fees incurred by the prevailing party in litigating issues raised solely by intervening parties." *San Luis Valley Ecosystem*

---

[2] Counsel, other than the AG, filed Defendant's response to Plaintiff's Motion for Attorneys' Fees and Costs. *See* (Doc. 66).

[3] Plaintiff's supplemental attorney's fees amount to $14,808.80 for 34.60 hours of work. (Doc. 75) at 7. That amount reflects a reduction by $9,872.53, and does not reflect any compensation for the preparation of the Verified Application. *Id.* at 3 and 7.

3

*Counsel v. U.S. Forest Serv.*, 2009 WL 792257, *9 (D. Colo.).  To date, the Tenth Circuit has not resolved that issue.  Nevertheless, like the Colorado court, this Court finds the reasoning in *American Lung Assn. v. Reilly* to be persuasive.  *See* 144 F.R.D. 622, 629 (E.D. N.Y. 1992).

In *American Lung Assn.*, the plaintiff, like Plaintiff in this case, sought attorney's fees from the defendant for time spent opposing a third-party's motion to intervene.  *Id*. at 628.  Similar to Defendant here, the defendant in *American Lung Assn.* did not take a position on the motion to intervene.  *Id*.  The court described two separate tests for determining whether a court should award attorney's fees in the above situation.  The first test, the *Love/Avoyelles* test, allows attorney's fees if the plaintiff incurred attorney's fees "'in opposing improper [defendant] resistance to … [plaintiff's] … rightful demands.'"  *Id.* at 628-29 (quoting *Love v. Reilly*, 924 F.2d 1492, 1495-96 (9th Cir. 1991) (denied attorney's fees for opposing intervenor's motion in which defendant took no position).  The second test, the *EDF v. EPA* test, allows attorney's fees if there is an alignment of interests between the positions of the defendant and the intervenor.  *Id.* at 629 (citing *Environmental Defense Fund v. Environmental Protection Agency*, 672 F.2d 42, 55-56 (D.C. Cir. 1982)).  The court concluded that

> [t]he *Love/Avoyelles* test is overly formalistic because it turns exclusively on whether or not the [defendant] participates in a phase of a lawsuit. *EDF v. EPA* recognizes that alignment of interests between [defendant] and [an intervenor] might exist even when the [defendant] takes no position on a matter. The *EDF v. EPA* approach is preferable because it instructs district courts to examine the facts and circumstances surrounding the [defendant's] abstention.

*Id.*  As the Colorado court further explained,

> [w]here the intervenors attempt to accomplish a goal that benefits the [defendant] as well, it would be inappropriate to deny fees to the prevailing party simply because the [defendant] has the luxury of deferring to the intervenor's request for relief; in a two-party action, the [defendant] itself would have to act to enjoy that relief, and there is little justification for awarding fees in one instance and not the other.

4

2009 WL 792257, at * 9.  Having found the reasoning from *American Lung Assn.* to be persuasive, the Court adopts the *EDF v. EPA* test to determine whether Plaintiff is entitled to attorney's fees for time spent opposing the AG's motion to intervene.

  Here, Defendant neither directed the AG to file the motion to intervene nor did she oppose the motion to intervene.  The facts and circumstances also clearly indicate that the Defendant and the AG had diametrically opposed positions on who should pay the settlement amount.  Because Defendant and the AG's positions were not in alignment, the Court will not order Defendant to pay attorney's fees for the time Plaintiff spent opposing the AG's motion to intervene.  Consequently, the Court denies the Verified Application.

  IT IS ORDERED that Plaintiff's Verified Application for a Supplemental Award of Attorneys' Fees and Memorandum in Support (Doc. 75) is denied.

_____
UNITED STATES DISTRICT JUDGE